O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIOSELINA CONTRERAS,               )<br>                                                    )<br>                        Plaintiff,         )<br>                                                    )<br>            vs.                                    )<br>                                                    )<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security Administration,      )<br>                                                    )<br>                        Defendant.      )<br>_____) | CASE NO. ED CV 06-00532 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

    Because the Court agrees with the first of Plaintiff's several arguments challenging the underlying step-five denial of benefits, it will reverse and remand.

    Plaintiff's prior suit challenging a step-five denial of benefits, in case number ED CV 04-00946 RZ, ended with this Court's remand. Among other things, the remand required clarification of a particular doctor's opinion about Plaintiff's Residual Functional Capacity. Plaintiff's first argument here is that the Administrative Law Judge's new opinion, which again denied benefits at step five, did not clarify the doctor's opinion in the manner required by the Court. The pertinent part of the remand order was as follows:

    As pertinent here, the consulting internist Jason Hwang
    gave this assessment of Plaintiff's capability:

> The claimant could be expected to stand and walk about six hours in an eight-hour workday, provided that she receive sufficient break time to prevent exacerbating her chronic low back pain, due to a disc injury. Likewise her ability to sit should be limited, but no[t] significantly so that she could be expected to six [sic: sit] approximately six hours in an eight-hour workday, again provided that she receives sufficient break time to rest. . . .

[AR 202] The Administrative Law Judge stated that he had considered "and adopted" the work limits imposed by Dr. Hwang. But those limits contained an ambiguity: how long and how frequent should the breaks be, in order to allow Plaintiff to sit and stand as he allowed? The answer, if accepted, might have an impact on the vocational expert's opinion as to the jobs available in the economy. Thus, it was important to understand more precisely the limitations which Dr. Hwang suggested.

An administrative law judge has a duty to develop the record beyond what is presented "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). *In doing so, the regulations empower him to have an updated consulting examination or to contact the physician for further information, as appropriate.* 20 C.F.R. § 404.1512(e) and (f). *The ambiguity presented by Dr. Hwang's assessment thus could be readily clarified.*

In this Court the Commissioner cites the undeniable proposition that it is the province of the Administrative Law Judge to resolve conflicts in the evidence. *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004). But the

>Administrative Law Judge did not understand there to be a conflict, and so he did not resolve it. It may be that, in fact, there is no conflict, but because of the ambiguity in Dr. Hwang's assessment that matter cannot be determined on the present record. And if there is a conflict, the Court cannot uphold the Commissioner's decision on the basis of the other evidence of record, because then it would be ignoring a potential important piece of evidence, and the substantial evidence standard requires the Court to consider the entire record. *Drouin v. Sullivan, supra*.
>
>Accordingly, this matter is remanded to the Commissioner for further proceedings. *The Commissioner should contact Dr. Hwang as appropriate*, and conduct such other further proceedings as is deemed necessary.

AR 256-58 (emphasis added)**.**

But the record of the proceedings on remand indicates that Dr. Hwang was not contacted. Not only are there no further materials from the doctor, but there also is no reference to any attempt to contact him. Instead, the Administrative Law Judge sought the testimony of the medical expert who had testified in the prior administrative hearing. At least in the absence of a reasonably diligent *effort* to contact Dr. Hwang himself to obtain the mandated clarification, the Court finds this substitution inadequate to comply with the terms of the mandate and thus will remand again.

///
///
///
///
///

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Opinion.

DATED: September 10, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE